Dear Mr. Wooley:
You requested a legal opinion from our office asking which of certain described funds held by an insurance company must be turned over to the State of Louisiana under the Uniform Unclaimed Property Act of 1997 (R.S. 9:151 et seq.). You also ask about prescriptive periods and general circumstances surrounding the report these insurance companies must file with the State under such Act.
The Act has been amended from time to time over the years to include complete revisions and conformity to a uniform or model Act with similar provisions in several states. Recently, its rationale was explained by the Supreme Court of Louisiana in Louisiana Health Service and IndemnityCompany d/b/a Blue Cross and Blue Shield of Louisiana, v. Leon R.Tarver, II, Secretary, Department of Revenue and Taxation, 93-2449 (La. 4/11/94), pp. 3-4, 635 So.2d 1090, 1092, as follows:
 "Most states adopting the modern custodial escheat or uniform law do so as custodial states. One of two important rationales common to abandoned property legislation is the use of the uniform law to raise revenue to benefit all citizens of the state. Another is that the state becomes the safe custodian of the property for the owner and insures its ability to pay by its taxing power. The acceptable major argument for modern escheat is that unclaimed property should benefit the citizenry rather than remain with the debtor or holder, thus preventing a windfall to the holder and returning the unclaimed property to the stream of commerce¼. [Citing authorities.] Courts have rejected the argument that an insurer such as Blue Cross, being a `non-profit' corporation, should be allowed to retain the unclaimed funds to lower the cost of insurance to its membership¼. [Citing case.]"
In this same case, the Supreme Court of Louisiana noted that an earlier case, Louisiana Health Service Indemnity Co. v. McNamara,561 So.2d 712 (La. 1990), had held that the ordinary prescriptive period for private obligations could have an effect on whether the property had to be turned over to the state, but it also noted that that case was based on the wording of the statute as it existed at that time (for property prior to 1981). Since then, the Act was amended to provide only two periods of time applicable to unclaimed property that has to be turned over to the state:
 "The statute mentions two time periods pertinent to this action. One is a prerequisite for presuming intangible personal property abandoned. If such property is `held, issued, or owing in the ordinary course of a holder's business and has remained unclaimed by the owner for more than five years after it became payable or distributable, [that property] is presumed abandoned.' ¼ [Citing statutory provision.] The second is the liberative prescription applicable to actions by the State to enforce the statute: `No action or proceeding may be commenced by the [State] with respect to any duty of a holder [to report and to pay or deliver abandoned intangible personal property] under this Chapter more than ten years after the duty arose.' ¼ [Citing statutory provision.]"
 Louisiana Health Service and Indemnity Company d/b/a Blue Cross andBlue Shield of Louisiana, v. Leon R. Tarver, II, Secretary, Department ofRevenue and Taxation, supra, at p. 2; 635 So.2d at p. 1091. Louisiana's High Court went on to specifically hold that, under the provisions of the Act as amended, periods of prescription for the enforcement of private obligations have no affect on the duty of holders to report and turn over unclaimed property to the State.
And indeed, R.S. 9:171(A) still provides:
 "The expiration, before or after the effective date of this Chapter, of a period of limitation on the owner's right to receive or recover property, whether specified by contract, statute, or court order, does not preclude the property from being presumed abandoned or affect a duty to file a report or to pay or deliver or transfer property to the administrator as required by this Chapter."
Thus, regarding prescriptive periods and the general circumstances wherein insurers as holders must report and turn over unclaimed property to the state is as set forth plainly in the Act. Generally, it is when they hold property as to which they have a record that the property belongs to another and is unclaimed for the period of time necessary for the presumption of abandonment as set forth in R.S. 9:154.
In our opinion, all of the items that you list in "Category A" ["funds of undisputed obligations"] are subject to reporting and turning over to the State under the Uniform Unclaimed Property Act of 1997 (R.S. 9:151 etseq.). We understand that "unearned premiums," "agent's commissions," "accounts payable," "uncashed checks issued to providers and insureds," and the like represent property clearly belonging to another and not the insurer, although the insurer is holding such property.
Settlement funds (your "Category B") may be more complicated. You explain that these are funds represented by checks issued by the insurance companies to settle claims but have not yet been cashed (negotiated) by the payees. According to your request, these funds are further divided into two types — (1) to pay an undisputed obligation and (2) to settle claims (presumably of disputed obligations). In our opinion, in the first of these types — to pay an undisputed obligation — the funds clearly belong to another and, as long as they are held by the insurance company, are subject to being reported and turned over to the State if they remain unclaimed for the requisite period of time for the presumption of abandonment to apply. The second type will require further explanation.
In the second type of settlement funds, we understand from your request that the underlying obligation sought to be extinguished by the cashing (negotiation) of the check is disputed and unclear. In certain circumstances, the settlement offer may be subject to withdrawal within a reasonable period of time if it is not accepted by the cashing (negotiation) of the check. In those cases where the law of private obligations allows for the settlement offer to be withdrawn within a reasonable time if the check is not cashed (negotiated), if the insurance company does in fact withdraw the offer and stop the payment of the check, the funds represented by the settlement check will not clearly belong to another but remain the property of the insurance company until the private obligation is admitted or recognized by a court of law. In that particular case, it is our opinion that the funds are the property of the insurance company and are not subject to being reported and turned over to the State under the Uniform Unclaimed Property Act of 1997. Otherwise, if the settlement check remains good and valid and the insurance company holds the funds represented by that check for the payee, the funds are subject to being reported and turned over to the State under the Act.
Finally, you should be aware that the Act gives the State Treasurer the power to adopt rules to implement the Act, and you may need to be aware of what these rules contain.
Trusting this opinion has adequately answered your request and provided the legal guidance needed in your regulation of insurance companies, we remain
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 By: ________________________________ THOMAS S. HALLIGAN Assistant Attorney General
cc: Honorable John N. Kennedy State Treasurer
DATE RELEASED: February 14, 2003